UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DENNIS TURNER AND BLANCHE TURNER | CIVIL ACTION NO. 15-2508 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DITECH FINANCIAL, LLC, ET AL | MAG. JUDGE MARK HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion for a temporary restraining order ("TRO"), filed by the Plaintiffs. [Record Document 11]. The Plaintiffs seek to enjoin the sheriff's sale of their property at 163 Bayou Loop in Saline, Louisiana, which is scheduled for March 9, 2016.

Because the sheriff's sale that the Plaintiffs seek to enjoin will be effected pursuant to a writ of seizure and sale issued from the Second Judicial District Court ("JDC") of Louisiana, the Plaintiffs ask the Court to issue an injunction staying a proceeding in a state court. Under the Anti-Injunction Act, a federal court may not grant an injunction to stay proceedings in a state court unless it is (1) expressly authorized by an Act of Congress, (2) necessary in aid of the federal court's jurisdiction, or (3) necessary to protect or effectuate a judgment of a federal court. 28 U.S.C. § 2283 (2012). The Plaintiffs' TRO is therefore viable only if it falls into one of these three exceptions.

The first exception, Congressional authorization of an injunction of a state court proceeding, applies where the injunction is issued pursuant to a small set of federal laws that courts have recognized as exceptions to the Anti-Injunction Act. See Mitchum v. Foster, 407 U.S. 225, 234-38 (1972). The Plaintiffs' causes of action and grounds for the

TRO—only one of which could arise under federal law (unfair debt collection practices by the Defendants)—do not implicate any of these federal laws. See id.; Record Document 1-2. The Plaintiffs' TRO is therefore not expressly authorized by Congress. See Mitchum, 407 U.S. at 234-38; Record Document 1-2.

The second exception, an injunction of a state court proceeding that is in aid of the federal court's jurisdiction, applies, inter alia, where there is in rem jurisdiction and the injunction would stay a state court proceeding that "threatens to dispose of property that forms the basis for federal in rem jurisdiction." Texas v. United States, 837 F.2d 184, 186-87 n.4 (5th Cir. 1988). In rem jurisdiction exists where the action is brought against "property alone, treated as responsible for the claims asserted by . . . the plaintiffs. The property itself is in such actions the defendant . . . and its forfeiture or sale is sought for the wrong . . . ." Phillips v. Charles Schreiner Bank, 894 F.2d 127, 132 (5th Cir. 1990) (quoting Freeman v. Alderson, 119 U.S. 185, 187 (1886)). Here, because the Plaintiffs have brought claims against the Defendant entities, rather than the property at 163 Bayou Loop, the Court is exercising in personam, rather than in rem, jurisdiction in this matter. See id.; Record Document 1-2. The Plaintiffs' TRO is therefore not necessary in aid of a federal court's jurisdiction. See Phillips, 894 F.2d at 132; Record Document 1-2.

The third exception, an injunction of a state court proceeding necessary to protect or effectuate a judgment of a federal court, applies where the injunction would stay a state court proceeding that is relitigating an action or issue previously decided in federal court. Regions Bank of Louisiana v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000). In no event does this exception permit a federal court to enjoin state proceedings "to protect a judgment that

the federal court may make in the future but has not yet made." <u>Laker Airways Ltd. v. Sabena, Belgian World Airlines</u>, 731 F.2d 909, 929 (D.C. Cir. 1984) (quoting 17A Charles Alan Wright et al., Federal Practice & Procedure § 4226 (3d ed. 1998 & Supp. 2015). The Court has not issued any judgment in this matter. The Plaintiffs' TRO is therefore not necessary to protect or effectuate a judgment of a federal court.

For the reasons stated above, the Plaintiffs' TRO does not fall within any of the Anti-Injunction Act's three exceptions. <u>See</u> 28 U.S.C. § 2283. The Court therefore **DENIES** the Plaintiffs' TRO. The Court's ruling, of course, has no bearing on the Plaintiffs' ability to seek an injunction in state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of March, 2016.

Elizabeth E. Foote
United States District Judge