UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS TURNER AND BLANCHE TURNER** | **CIVIL ACTION NO. 15-2508** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **DITECH FINANCIAL, LLC, ET AL** | **MAG. JUDGE MARK HORNSBY** |

### MEMORANDUM ORDER

Before the Court is a Motion To Dismiss, filed by the Defendant, Ditech Financial, LLC ("Ditech"). [Record Document 8]. In its motion and accompanying memoranda, Ditech seeks dismissal of all of the Plaintiffs' claims pursuant Federal Rule of Civil Procedure 12(b)(6). For the reasons announced below, the Court **GRANTS** Ditech's motion.

**I.    Factual & Procedural Background**

The Plaintiffs, Dennis and Blanche Turner ("the Turners"), filed this suit pro se in state court, asserting multiple claims for damages and an injunction precluding Ditech from foreclosing and selling their home in Bienville Parish, Louisiana. Record Document 1-2. Ditech, who was the assignee to the mortgage on the Turners' home, had previously instituted foreclosure proceedings on the home by filing a petition for executory process in the 2nd Judicial District Court of Louisiana. Record Document 16-1. After timely removing the Turners' suit, Ditech moved to dismiss the Turners' claims pursuant to Rule 12(b)(6). Record Document 8.

Not long thereafter, the state court issued a writ of seizure and sale pertaining to

the Turners' property. Record Document 16-2, p. 3. In response, the Turners in this action filed what this Court construed as a motion for a temporary restraining order ("TRO") of the sheriff's sale of their home. Record Documents 10 and 11. The Court denied the TRO, holding that the Anti-Injunction Act, 28 U.S.C. § 2283 (2012), precluded the Court from issuing an order staying the executory proceeding in which the writ was issued. Record Document 12. After the Court's ruling, Ditech purchased the Turners' home through a sheriff's sale. Record Document 16-3, p. 2.

## II. Standard

To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts are required to accept the plaintiff's "well-pleaded" facts as true and construe the complaint in a light favorable to that plaintiff. In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010) (citations omitted). Nonetheless, courts are not required to accept the veracity of legal conclusions framed as factual allegations. Iqbal, 556 U.S. at 678 (reasoning that under Rule 8, it is not sufficient to merely recite a cause of action's elements with supporting conclusory statements). Overall, determining when a complaint states a plausible claim is a context-specific task, requiring courts to rely on judicial experience and common sense to assess when a complaint crosses the line from conceivable to plausible. Id. at 678-80.

A claim is facially plausible when a plaintiff pleads factual content that permits the court to reasonably infer a defendant is liable for the alleged misconduct. Iqbal, 556 U.S.

at 678-79. This plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### III. Discussion

Ditech argues first and foremost that the Turners' complaint is impermissibly vague under Twombly. There is some merit to this contention. Part of the Turners' complaint is a typed, form complaint asserting claims based on the breach of a contract to divide the proceeds of an unknown estate between the Turners and Ditech. Record Document 1-2, pp. 2-6. Based on this alleged breach of contract, this portion of the complaint also asserts claims for a breach of an implied covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress. Record Document 1-2, pp. 4-5. Given the empty blanks in the form complaint, the incongruous and far-fetched fact pattern, and the lack of specificity, the Turners have failed to plead facts in this part of the complaint that would permit the Court "to reasonably infer a defendant is liable for the alleged misconduct." Iqbal, 556 U.S. at 678-79. Accordingly, pursuant to Rule 12(b)(6), the Court dismisses all of the Turners' claims relating to a contract to divide an estate, including claims for breach of contract, implied breach of contract, breach of an implied covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress.

The rest of the complaint fairs better under Twombly. In these portions of the

complaint, the Turners intelligibly allege that (1) Ditech did not properly service the promissory note secured by the mortgage, (2) the Turners timely and fully paid all monthly payments due under the note, and (3) Ditech harassed the Turners with phone calls telling them that it had seized their home. Record Document 1-2, pp. 7-9. Here the Turners have alleged specific facts concerning Ditech's conduct that could give rise to a cause of action. Accordingly, the Court declines to dismiss the claims contained within the second part of the Turners' complaint under Twombly.

The Court now turns to the relief that the Turners seek through these foreclosure-related claims. Part of the relief sought in the complaint is an injunction halting the foreclosure and sale of their home. Record Document 1-2, p. 9. Ditech argues that any claim seeking this relief is moot because the sheriff's sale of their home has already occurred. As the Fifth Circuit has stated, "it [is] beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1998). Further, because moot claims are nonjusticiable cases or controversies under Article II, § 2, of the U.S. Constitution, the Court lacks subject matter jurisdiction over them. See, e.g., Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013). This Court has already determined that the Anti-Injunction Act prevented it from enjoining the state executory proceeding through which Ditech has sought to foreclose and sell the Turners' home. Moreover, the Turners' home was in fact sold at a sheriff's sale by a deed executed on March 18, 2016. Consequently, pursuant to Rule 12(b)(1), the Court dismisses as moot all claims seeking to enjoin the foreclosure and sale of the Turners' home.

In addition to injunctive relief, the complaint also seeks monetary damages. But of the five paragraphs in the complaint variously seeking $200,000 and $500,000 in damages, all appear tied to the estate-related claims that the Court has dismissed under Twombly. Three paragraphs explicitly relate to causes of action that the Court has already dismissed under Twombly. And while the other two damage paragraphs are not explicitly linked to any particular claims, they are part of the same form complaint that relates exclusively to estate-related claims. Consequently, it does not appear that the Turners are seeking damages for their claims surrounding the foreclosure and sale of their home according to the complaint as presently drafted. Nevertheless, because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court dismisses the Turners' foreclosure-related claims without prejudice and with the right for the Turners to amend their complaint within 45 days of this Memorandum Order.[1]

---

[1] Ditech also argues that the Turners' claims should be dismissed because Louisiana law does not permit a party to attack the foreclosure and sale of a property after the sale has already occurred and when the homeowner has not sought a suspensive appeal or injunction of the executory preceding foreclosing on the property. Record Document 16, pp. 5-6. This argument is unpersuasive because it overlooks the exception to the rule on which it relies. As the Louisiana Fifth Circuit Court of Appeal noted in American Thrift & Finance Plan Inc. v. Richardson, "The general rule is that defenses and procedural objections to a proceeding by executory process may be asserted only (1) through an injunction to arrest the seizure and sale, or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both." 07-640, p. 6 (La. App. 5 Cir. 1/22/08), 977 So. 2d 105, 108 (citation omitted). But Louisiana courts "have recognized an exception to the above general rule[:] a mortgagor who has failed to enjoin the sale of property by executory process, or who did not take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, may institute and maintain a direct action to annul the sale on certain limited grounds, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor." Id. Such limited circumstances include an allegation

## IV.  Conclusion

For the reasons assigned above, **IT IS ORDERED** that the Defendant's motion to dismiss, Record Document 8, is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that all claims by the Plaintiffs against the Defendant relating to a contract to divide an estate are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that all claims by the Plaintiffs against the Defendant seeking only to enjoin the foreclosure and sale of the Plaintiffs' former property at 163 Bayou Loop, Saline, Louisiana, are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that all claims by the Plaintiffs against the Defendant seeking damages for the Defendant's alleged breach of the terms of the promissory note and mortgage on the aforementioned property, failure to service that loan, and harassing phone calls are **DISMISSED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the Plaintiffs are granted leave to amend their complaint by **October 10, 2016**, in order to specify whether they seek damages for the foreclosure-related claims identified and dismissed in the previous paragraph.  If the Turners decline to file an amended complaint by **October 10, 2016**, the Court without

---

"that there were defects in the proceedings which are substantive in character and which strike at the foundation of the executory proceeding." Id. (citation omitted). The Turners have alleged substantive defects in the foreclosure of their former home because they allege that Ditech breached the promissory note subject to the mortgage by foreclosing despite the Turners' full and prompt payment of their monthly note. Record Document 1-2, p. 7.  And the record indicates that Ditech, having bought the Turners' home at sheriff's sale, is the present owner of that property.  Record Document 16-3, p. 2. Thus, Louisiana law may offer the Turners a cause of action for their foreclosure-related claims.

further notice will issue a judgment dismissing all claims in this suit with prejudice and will direct the clerk of court to close this case.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of August, 2016.



Elizabeth E. Foote
United States District Judge